STATE OF MONTANA, EX REL. ANTHONY F. KEAST, COUNTY ATTORNEY OF MISSOULA COUNTY, RELATOR, *v.* FOURTH JUDICIAL DISTRICT COURT AND C. E. COMER, JUDGE, RESPONDENTS.

No. 10013.

Submitted Feb. 16, 1959. Decided March 23, 1959.

336 Pac. (2d) 699.

MR. JUSTICE BOTTOMLY dissented.

Anthony F. Keast, Missoula, for relator.

Jay M. Kurtz, Missoula, for respondents.

MR. JUSTICE ANGSTMAN:

Relator as county attorney of Missoula County brought this original proceeding seeking a writ of mandate against the respondent court and the Honorable C. E. Comer, judge thereof, directing them to assume jurisdiction over an information charging Ervin Aris Young with a felony and with a prior conviction.

The facts, out of which the controversy arises, are as follows:

On December 27, 1957, a complaint was filed against Ervin Aris Young in the Justice Court of Hellgate Township in Missoula County, charging him with the crime of burglary in the first degree, a felony. Young was extradited from the State of California and arraigned before the justice of the peace in Missoula on December 12, 1958, where he entered a plea of not guilty. His bail was fixed at $3,000. Being unable to furnish bail he was remanded to the custody of the sheriff of Missoula County.

On January 12, 1959, relator as county attorney made application for leave to file an information charging Young with the crime of burglary in the first degree, a felony; on January 21, 1959, Jay M. Kurtz, was appointed to defend Young; Kurtz presented a petition for writ of habeas corpus which was granted by the Honorable William F. Shallenberger on January 26.

The county attorney thereupon on January 28, made application for leave to file an information; the application was granted and the information filed; Young was again arrested and brought before the Honorable C. E. Comer; on January 29,

counsel for Young filed a motion to set aside the information and the same was granted by Judge Comer on February 2. The county attorney thereupon asked leave to file a new information which was denied.

The question presented is the effect of a dismissal under section 94-9501, reading:

"The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases:

"1. Where a person has been held to answer for a public offense, if an information is not filed against him, within thirty days thereafter, or such time has not been extended by the court or judge.

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six months after the finding of the indictment, or filing of the information."

The answer to the question is found in section 94-9507, reading:

"An order for the dismissal of an action, as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony."

Here the offense is a felony and while Young was properly released on habeas corpus the county attorney was within his rights in asking leave to file a new information charging the same offense.

We have held that this is the rule under section 94-9501, subd. 2, in State v. McGowan, 113 Mont. 591, 131 Pac. (2d) 262. Likewise in that case the constitutional right to a speedy trial was considered and held not to be violated by what are now sections 94-9501 and 94-9507.

The alternative writ heretofore issued herein is made permanent and the respondent court is hereby directed to grant leave to the county attorney to file a new information and to proceed with the trial of the accused.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR and CASTLES, concur.

MR. JUSTICE BOTTOMLY dissents.