No. 13059

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

CLARENCE STEWARD,

Defendant and Respondent.

---

Appeal from: District Court of the Eleventh Judicial District,
Honorable Robert C. Sykes, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
William A. Douglas, County Attorney, argued,
Libby, Montana
Ann C. German, Law Student, argued, Missoula, Montana

For Respondent:

Moses, Kampfe, Tolliver and Wright, Billings,
Montana
D. Frank Kampfe argued, Billings, Montana

---

Submitted: November 10, 1975

Decided: DEC - 8 1975

Filed:

Thomas J. Kearney
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from an order of the district court, Lincoln County, dismissing with prejudice an Information due to denial of the right to a speedy trial.

Defendant was charged and arrested on January 10, 1974 for lewd and lascivious acts against children, a felony under former section 94-4106, R.C.M. 1947. He was released on $25,000 bond within the week and has been free on bond since that time. On January 16, 1974, the Lincoln County attorney received a call from defendant's attorney notifying the county attorney that he would be involved in the Pennsylvania murder trial of Tony Boyle and requesting a postponement of defendant's arraignment and trial until the conclusion of the Boyle trial. The Information charging defendant with the felony was filed on January 31, 1974. On February 14, 1974, defendant's attorney sent the county attorney a letter stating in part:

> "In that I am involved in the Tony Boyle case,
> I anticipate being out of the office on a
> continuous basis from next week until the 1st
> part of June, 1974. I would therefore, appre-
> ciate your efforts to have trial in the Steward
> matter postponed until after my return. * * *"

The nationally publicized Tony Boyle trial was completed in March 1974, but no further correspondence between the county attorney and defendant's attorney appears on the record until a letter dated January 28, 1975, from the county attorney to defendant's attorney which said in part:

> " * * * It is my firm intention to try your client
> [Steward] in the jury term commencing with the
> 23rd day of February, 1975. * * *
>
> " * * * In any event I will not permit this case
> to be put over the spring jury term."

On February 25, 1975, defendant's attorney responded, indicating he would appear with defendant at the arraignment and would file unspecified pretrial motions.

- 2 -

The arraignment was set for March 13, 1975, but on March 12, 1975, defendant's attorney filed a motion to dismiss on the ground of denial of the constitutional right of speedy trial. On May 15, 1975, the district court dismissed the Information with prejudice.

Two issues are presented for review:

1. Was defendant denied his constitutional right to a speedy trial?

2. Was the district court in error in dismissing the Information with prejudice thereby barring subsequent prosecution for the same offense?

The right to a speedy trial is contained in the United States and the Montana Constitutions. Amendment 6 to the United States Constitution states:

"In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial * * *."

Article III, Sec. 16, Montana Constitution, 1889, states:

"In all criminal prosecutions the accused shall have the right to * * * a speedy public trial * * *."

Article II, Sec. 24, 1972 Montana Constitution contains the identical language as Article III, Sec. 16, Montana Constitution 1889.

The United States Supreme Court states in Klopfer v. North Carolina, 386 U.S. 213, 18 L ed 2d 1, 8, 87 S.Ct. 988, " * * * the right to a speedy trial is as fundamental as any of the rights secured by the Sixth Amendment."

The four factors to be considered in determining whether a defendant has been denied his right to a speedy trial are set forth in Barker v. Wingo, 407 U.S. 514, 33 L ed 2d 101, 114, 116, 118, 121, 92 S.Ct. 2182. This Court adopted the Barker factors in State ex rel. Thomas v. District Court, 151 Mont. 1, 438 P.2d 554, based on an earlier listing of the federal criteria

- 3 -

Contained in United States v. Simmons, 338 F.2d 804, 807.   In

Barker Mr. Justice Powell said:

> " * * * The approach we accept is a balancing test,
> in which the conduct of both the prosecution and
> the defendant are weighed.
>
> "A balancing test necessarily compels courts to
> approach speedy trial cases on an ad hoc basis.
> We can do little more than identify some of the
> factors which courts should assess in determining
> whether a particular defendant has been deprived
> of his right.   Though some might express them in
> different ways, we identify four such factors:
> Length of delay, the reason for the delay, the
> defendant's assertion of his right, and prejudice
> to the defendant."

Unless there is a presumptively prejudicial delay, there

is no necessity to inquire as to the other factors that go into

the balance.   In the instant case defendant was charged and arrested

on January 10, 1974, the arraignment was not scheduled until

March 13, 1975, a period of 406 days, and the date of the trial

had still not been set.   It was stated in United States v. Rucker,

464 F.2d 823, 825:

> "A delay of over one year between arrest and trial
> raises a Sixth Amendment claim of 'prima facie
> merit.'  Hedgepeth v. United States, 124 U.S. App.
> D.C. 291, 364 F.2d 684 (1966).   It places on the
> Government the necessity of justification, the bur-
> den of which increases with the length of delay. * * *
> When the delay approaches a year and a half, as
> in this case, the Government must provide a justi-
> fication which convincingly outweighs the prejudice
> which can normally be assumed to have been caused
> the defendant."

The delay of 406 days in this case is sufficient to trigger the

inquiry mechanism to determine whether defendant was denied a

speedy trial.

The State alleges the reason for the delay was two-fold:

Defendant's failure to assert his right to a speedy trial and

the crowded trial docket which would not have allowed a trial

during 1974.   Defendant's failure to assert his right will be

considered in detail when the next factor is considered.   The

district court correctly ruled the overcrowded court docket would

not mitigate the failure to provide a speedy trial. Mr. Chief Justice Burger stated in Strunk v. United States, 412 U.S. 434, 37 L ed 2d 56, 60, 93 S.Ct. 2260:

> " * * * Unintentional delays caused by overcrowded court dockets or understaffed prosecutors are among the factors to be weighed less heavily than intentional delay, calculated to hamper the defense, in determining whether the Sixth Amendment has been violated but, as we noted in [Barker], they must 'nevertheless * * * be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.'"

The State alleges defendant here waived his right to a speedy trial by his failure to assert his right until the day before the arraignment in March 1975, and by the request of his attorney for a postponement of the trial. The State appears to argue the "demand-waiver rule", i.e. unless the accused demands a speedy trial, he waives his right. The "demand-waiver rule" was specifically rejected in Barker in favor of the four factors test.

The general rule remains that an accused must take some affirmative action to obtain a trial to be entitled to a discharge for delay. 22A C.J.S. Criminal Law, §469, p. 37. In United States v. Research Foundation, 155 F.Supp. 650, 654, the court said:

> " * * * The burden is on the defendant to assert his constitutional right by some affirmative act in court, such as, objecting to adjournments of the trial, demanding a trial, or making an appropriate motion."

The "appropriate motion" is a motion to dismiss for denial of a speedy trial. The proper time to assert the right to a speedy trial is prior to the actual commencement of the trial, usually at the time the trial date is set, or the time the case is called to trial. Morse v. Municipal Court, et., 13 C.3d 149, 529 P.2d 46, 118 Cal.Rptr. 14. Defendant, in the instant case, made his motion to dismiss at the proper time.

The U. S. Supreme Court in Barker, said the failure to

assert the right will make it difficult for a defendant to prove that he was denied a speedy trial. Also, inaction by the accused will make it more difficult to prove the denial of the right, but:

> "Such an approach, by presuming waiver of a fundamental right from inaction, is inconsistent with this Court's pronouncements on waiver of constitutional rights. * * *

> "The nature of the speedy trial right does make it impossible to pinpoint a precise time in the process when the right must be asserted or waived, but that fact does not argue for placing the burden of protecting the right solely on defendants. A defendant has no duty to bring himself to trial; the State has that duty * * *". (33 L ed 2d 114, 115)

[See Morse for the last possible time when the right should be asserted.]

Mr. Chief Justice Burger earlier in Dickey v. Florida, 398 U.S. 30, 26 L ed 2d 26, 32, 90 S.Ct. 1564 stated:

> " * * * Although a great many accused persons seek to put off the confrontation as long as possible, the right to a prompt inquiry into criminal charges is fundamental and the duty of the charging authority is to provide a prompt trial."

This position was reaffirmed in Strunk.

> The district court here was correct in holding:

> " * * * the Defendant's attorney would not be representing the Defendant if he would raise the question of the fair speedy trial. This was incumbent upon the County Attorney to do so under the circumstances."

> The district court found no waiver of defendant's rights:

> " * * * nor any consent to extending the constitutional basis for a speedy trial by jury on the part of the Defendant * * *".

The district court found the letters from defendant's attorney to the county attorney were:

> " * * * no indication of an intention to waive or extend or consent to an extension of the time for a speedy and impartial trial by jury * * *."

There is a presumption against waiver of the right to speedy trial. Barker. The general rule as stated in 22 C.J.S.

- 6 -

Criminal Law §477, p. 70 is:

> " * * * A waiver of the right to speedy trial is not to be lightly inferred from equivocal circumstances."

In Hodges v. United States, 408 F.2d 543, 552, it was stated:

> "A defendant's waiver of his right to a speedy trial is not, in this day, readily to be assumed. Of course, waiver of that right is possible but mere inaction is not always automatically to be regarded as equating with waiver."

This Court has held many times that all presumptions are in favor of the trial court's decision. State ex rel. Elakovich v. Zbitnoff, 142 Mont. 576, 386 P.2d 343; In re Myer's Estate, 92 Mont. 474, 15 P.2d 846. See also: 5 C.J.S. Appeal & Error, §1533, p. 1025. The district court had ample opportunity to view the record and determine the inferences to be drawn from the actions of the parties. We find no substantial evidence on the record rebutting the presumption the district court acted properly in holding the actions of defendant and his attorney did not waive the right to a speedy trial.

The county attorney argues defendant was not prejudiced due to the lapse of time between arrest and arraignment.

In Barker, the United States Supreme Court identified three interests of the defendant which are to be protected by a speedy trial:

> " * * * (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." (33 L ed 2d 101, 118)

The first interest of defendant was not affected by a lack of a speedy trial as he was released on bond within days of his arrest and remained free on bond.

The second interest to be protected by a speedy trial may be difficult to prove, as anxiety and concern are not readily subject to objective evidence. The United States Supreme Court,

- 7 -

on at least two occasions stated that, although the defendant is free on bond:

> (1) " * * * The pendency of the indictment may subject him to public scorn and deprive him of employment, and almost certainly will force curtailment of his speech, associations and participation in unpopular causes." (Klopfer v. North Carolina, 386 U.S. 213, 18 L ed 2d 1, 7, 87 S.Ct. 988)

> (2) "Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." (United States v. Marion, 404 U.S. 307, 30 L ed 2d 468, 478, 92 S.Ct. 455; cited by Mr. Justice White in his concurring opinion in Barker.)

See also: Moore v. Arizona, 414 U.S. 25, 38 L ed 2d 183, 94 S.Ct. 188.

The record is bare of facts on anxiety and concern caused defendant, but during oral argument and in the briefs submitted, statements were made indicating a number of the interferences with defendant's liberty set forth in Klopfer and Marion had occurred to defendant. Given the nature of the charges, public and private feelings against defendant would be expected.

It is difficult to determine whether defendant would be prejudiced due to impairment of his defense as there has been no trial or witness testimony which might indicate a loss of memory regarding events of the distant past. The prosecution might also have its case impaired due to the loss of memory of its witnesses, but the greater danger of prejudice exists for an innocent defendant who might, through lapse of time, be unable to accurately recall events on a certain day when there was no remarkable or memorable occurrences to etch the memory of the day in his mind.

The county attorney argues the district court erred in dismissing the Information with prejudice.

Section 95-1703(3), R.C.M. 1947, states:

> "An order for the dismissal of an action, as pro-
> vided in this chapter, is a bar to other prosecution
> for the same offense if it is a misdemeanor, but
> it is not a bar if the offense is a felony."

The predecessor statute was held constitutional by this Court in State v. McGowan, 113 Mont. 591, 131 P.2d 262, and this holding was reaffirmed in State ex rel. Keast v. District Court, 135 Mont. 62, 336 P.2d 699. Both McGowan and Keast dealt with dis-missals due to denial of a speedy trial.

There is no mandate in section 95-1703(3), R.C.M. 1947, to reprosecute should the original prosecution be dismissed due to denial of a speedy trial. The State may exercise discretion as to whether the accused will be reprosecuted. The trial court should possess similar discretion to disallow reprosecution if the prejudice caused the accused and his defense by the denial of a speedy trial would be compounded by a subsequent prosecution for the same offense. Reprosecution is constitutional, so long as the interests protected by the right to a speedy trial would not continue to be violated by the reprosecution.

There must be guidelines for the trial court to follow in dismissing an Information or indictment with prejudice due to denial of a speedy trial. These guidelines are necessary be-cause a dismissal with prejudice should only be granted if serious harm would be inflicted on the accused's rights by a reprosecution. The guidelines given the federal court system in 18 U.S.C. §3162(a)(2) of the Speedy Trial Act of 1974 (Public Law 93-619) are approp-riate for the Montana trial courts in determining whether to dis-miss with or without prejudice:

> " * * * In determining whether to dismiss the
> case with or without prejudice, the court shall
> consider, among others, each of the following
> factors: the seriousness of the offense; the
> facts and circumstances of the case which led
> to the dismissal; and the impact of a reprosecution
> on the [right of a speedy trial] and on the admin-
> istration of justice."

When applying these factors to the instant case, as the factors must be examined anew on a case by case basis, we find the district court used proper discretion in dismissing the Information with prejudice. The offense is not of such a serious nature as to require reprosecution for the protection of society. The 406 day delay and the attendant prejudice to defendant cannot be remedied by a reprosecution. A reprosecution in this case would tend to negate the rights protected by the dismissal due to denial of a speedy trial.

The district court's dismissal of the Information with prejudice is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 10 -