No. 13361

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

THE STATE OF MONTANA ex rel.
RON SANFORD,

Relator,

-vs-

THE DISTRICT COURT OF THE THIRTEENTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, in and for the County of
Carbon, and the HONORABLE ROBERT H.
WILSON,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Moses, Kampfe, Tolliver and Wright, Billings,
Montana
Pablo Perhacs argued, Billings, Montana

For Respondents:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Arthur W. Ayers, Jr. argued, County Attorney,
Red Lodge, Montana

---

Submitted: May 25, 1976

Decided: JUL - 8 1976

Filed: JUL - 8 1976

_Thomas J. Kearney_
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Relator has filed an original proceeding seeking a writ of supervisory control to review and reverse the district court's denial of his motions to dismiss and suppress in a criminal prosecution against him in the district court of Carbon County.

Relator is Ron Sanford who was charged with burglary of the Stockman Bar and Cafe in Bridger, Montana, at an unspecified date between March 25 and April 12, 1975.

On May 1, 1975, the Carbon County attorney applied for a search warrant of a house and garage in Bridger occupied by defendant. The district judge issued the search warrant and it was executed the same day by the deputy sheriff. Three items allegedly stolen in the burglary were found on defendant's premises and seized.

On May 15, 1975, the county attorney filed a direct information against relator by leave of court. Arraignment was set for May 29, but was continued to June 26 by mutual agreement of the county attorney and relator's counsel.

In the meantime relator filed a motion to quash the information with supporting brief and mailed copies of the same to the county attorney and presiding judge. On June 26, relator was apparently arraigned, but the record is silent concerning whether a plea was entered.

On June 27, relator requested the court to set a hearing on this motion. The record discloses that nothing further transpired until January 28, 1976, when relator again requested the court to set a hearing date on his motion.

On January 30, 1976, the district court entered an order reciting that relator's case had been set for trial as the third case on April 20, 1976, and set all pending pretrial motions for hearing on February 19. Relator's motion to quash the information

was heard and denied on February 19.

One month later relator filed a notice to suppress all testimony and evidence resulting from issuance of the search warrant and noticed it for hearing on April 1. At that time the motion was ordered submitted on briefs. On April 15, the district court denied this motion.

In the meantime on March 25, relator filed a motion to dismiss the information on the ground that he had been denied a speedy trial. At that time relator filed a supporting brief and noticed his motion for hearing on April 1. On that date relator's motion to dismiss was ordered submitted on briefs. On April 15 relator's motion to dismiss was denied.

On May 3 relator applied to this Court for a writ of supervisory control. The application was set for adversary hearing, heard on May 25, and taken under advisement by the Court.

Two issues are presented for review:

(1) Did the district court err in denying relator's motion to suppress?

(2) Did the district court err in denying relator's motion to dismiss?

We hold that denial of relator's motion to suppress was error. The search warrant was directed "to any Peace Officer of this State". This practice has been condemned by this Court in the following cases: State v. Meidinger (1972), 160 Mont. 310, 502 P.2d 58; State ex rel. Stief and Mankin v. Dist. Ct. (1975), ____Mont.____, 540 P.2d 968, 32 St.Rep. 942; State v. Snider (1975), ____Mont.____, 541 P.2d 1204, 32 St.Rep. 1056. Also cf. State v. Tropf, 166 Mont. 79, 530 P.2d 1158, 32 St.Rep. 56. We simply will not tolerate further violation of section 95-703, R.C.M. 1947, to permit incursions by law enforcement officers into a constitutionally protected area. The motion to suppress should have been granted.

We likewise hold that denial of relator's motion to dismiss was error. In finding that relator has been denied his right to a speedy trial as mandated by the United States and Montana Constitutions, we apply the balancing test of Barker v. Wingo, 407 U.S. 514, 33 L ed 2d 101, 116, 92 S.Ct. 2182. This test was approved by this Court in State v. Steward, ____Mont.____, 543 P.2d 178, 181, 32 St.Rep. 1185, where we quoted from Barker:

> "' * * * The approach we accept is a balancing test, in which the conduct of both the prosecution and the defendant are weighed.
>
> "'A balancing test necessarily compels courts to approach speedy trial cases on an ad hoc basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.'"

Here the state admits a delay of 299 days, or approximately 10 months, from relator's arraignment on June 26, 1975 to April 20, 1976, the date set for trial. Both United States and Montana courts have previously held that a delay of one year between arrest and trial presents a claim of prima facie merit. See State v. Steward, supra, and cases cited therein. We now hold that a delay of 10 months between arraignment and trial establishes a prima facie case of denial of the right to a speedy trial.

The record here discloses no reason for the delay chargeable to relator. Relator requested of three different judges that his motion be set for hearing: at the time of arraignment, June 26, 1975; on June 27, 1975; and again on January 28, 1976. It was finally heard and denied on February 19, 1976. In any event the trial date of April 20, 1976 was set prior to disposition of any of relator's motions. The burden of justifying the delay rests with the prosecution. U.S. v. Rucker, 464 F.2d 823.

It is true that relator made no specific demand that

his case be set for trial.  On the other hand, relator did nothing that can be construed as a waiver of his right to a speedy trial.  On March 25, 1976, he moved to dismiss for denial of a speedy trial.

Has relator been prejudiced by the delay?  We quote from Barker:

> " * * * Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect.  This Court has identified three such interests:  (i) To prevent oppressive pretrial incarceration; (ii) To minimize anxiety and concern of the accused; (iii) To limit the possibility that the defense will be impaired. * * *"

The first interest is not present in this case.  The second is clearly present here.  The third cannot be established with any degree of certainty where, as here, there has been no trial.  State v. Steward, supra.

Considering the totality of the circumstances and considerations in the balancing test, it appears to us that there has been an excessive delay in bringing relator to trial in this case; that no valid reason exists for such delay; that the delay is not chargeable to relator; and that some prejudice has resulted to relator by reason of the delay.

Accordingly, we hold that relator's motion to dismiss for denial of a speedy trial should have been granted.  We order dismissal of this case with prejudice.

_____
                                    Justice

We concur:

_____

_____

_____
Justices

_____
Hon. Gordon Bennett, district
Judge, sitting in place of Mr.
Chief Justice James T. Harrison.     - 5 -