No. 13832

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

THE STATE OF MONTANA ex rel.
SOL BRICENO and JESSIE BRICENO,

Relators,

-vs-

THE DISTRICT COURT OF THE THIRTEENTH
JUDICIAL DISTRICT OF THE STATE OF MONTANA,
In and for the County of Yellowstone, and
the Hon. C. B. Sande,

Respondents.

---

Original Proceeding:

Counsel of Record:

    For Relators:

        Moses, Tolliver & Wright, Billings, Montana
        Ralph Allan Beck argued, Billings, Montana

    For Respondents:

        Harold F. Hanser, County Attorney, Billings, Montana
        Charles Bradley argued, Deputy County Attorney,
        Billings, MOntana

---

Submitted: June 22, 1977

Decided: AUG 15 1977

Filed:

_Thomas J. Kearney_
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an original proceeding. Relators Sol Briceno and Jessie Briceno, defendants in a criminal action, seek a writ of supervisory control or other appropriate writ from this Court to require the presiding judge of the district court, Yellowstone County, annul and set aside the denial of relators' motion to dismiss for lack of a speedy trial.

Defendants Sol and Jessie Briceno, father and son respectively, were arrested in Billings on November 20, 1975, and charged with the crime of aggravated assault, a felony. The offense was alleged to have occurred on July 7, 1975. Defendants appeared in justice court on November 20, 1975, and were released upon posting bond the next day.

On April 28, 1976, the Yellowstone County attorney and defendants, accompanied by counsel, appeared in district court. The county attorney moved for and was granted leave to file an Information formally charging defendants with aggravated assault. Defendants were arraigned during the proceedings and pled "NOT GUILTY" to the charge. Two weeks thereafter the trial date was set for May 26, 1976. On May 18, 1976, counsel for defendants moved for a continuance and, in addition to other matters, for a dismissal of the charges for lack of a speedy trial. The motion stated in part:

> "The defendants agree that they will waive any right
> they have by law to complain as to a speedy trial by
> reason of any delay in their trial date caused by this
> motion."

The trial was reset for September 1976. Defendants, on September 2, 1976, renewed their motion to dismiss. Various pretrial proceedings were had between September 1976 and March 1977.

On April 12, 1977, following a hearing, the district court orally denied defendants' motion to dismiss for lack of a speedy trial. Thereupon defendants filed the instant application for a writ of supervisory control with this Court, seeking that the district court order of April 12, 1977, denying the motion to dismiss be set aside and annulled.

The sole issue on appeal is whether the Information should be dismissed because defendants have been denied their constitutional right to a speedy trial.

Defendants argue that, under the facts of this case, a delay of 4 1/2 months between the date of the alleged offense and their arrest and of over 6 months between the arrest and the filing of the Information is sufficiently long to shift to the state the burden of explaining the delay and showing the absence of prejudice to defendants. Their argument is grounded in the constitutional principles outlined by the United States Supreme Court in Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 998, 18 L ed 2d 1 and Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L ed 2d 101; as further developed by this Court's decisions in State ex rel. Thomas v. District Court, 151 Mont. 1, 438 P.2d 554; Fitzpatrick v. Crist, 165 Mont. 382, 528 P.2d 1322; State v. Steward, 168 Mont. 385, 543 P.2d 178; and State v. Keller, ____Mont._____, 553 P.2d 1013, 33 St. Rep. 795. These cases involve a sensitive balancing of four factors, in which the conduct of the prosecution and the defendant are weighed in determining whether there has been a denial of the right to a speedy trial. The four factors to be evaluated and balanced are:

(1) Length of delay;

(2) Reason for delay;

(3) Assertion of the right by defendant; and

(4) Prejudice to the defendant.

Defendants assert the facts of the instant case, when considered and balanced in the context of the above four factors, clearly demonstrate they have been denied the right to a speedy trial. They stress (1) the length of the delay was unreasonable; (2) the delay was aggravated by the fact the investigation which formed the basis for the Information was completed during August 1975, more than 8 months prior to the filing of the Information, and the entire period of delay can be characterized as one of total inaction on the part of the prosecution, chargeable as such to the prosecution; (3) the denial of the right to a speedy trial was asserted through counsel shortly following the filing of the Information and arraignment in district court; and (4) severe actual prejudice has resulted through the loss of an essential defense witness.

The state concedes the applicability of the four factor balancing process of Barker, as accepted in the various Montana decisions. It contends the inability to resolve one of the four factors in favor of the accused is sufficient ground for rejecting a lack of speedy trial argument. The state argues the delay in the instant case was neither purposeful nor oppressive; that the anxiety and concern of the defendants were minimized by reason of no pretrial incarceration, and no actual prejudice resulted from the loss of the defense witness. The state relies on this Court's decision in State v. Carden, ____Mont.____, ____P.2d ___, 34 St.Rep. 420, wherein the Court indicated that not every delay

- 4 -

in a criminal action is properly chargeable to the state.
It is maintained the delays in the instant case fall under
the rule of Carden and, as such, are not chargeable to the
state. No attempt is made to distinguish Fitzpatrick, Steward or
Keller.

The right to a speedy trial is expressly guaranteed by the
United States and Montana Constitutions. The Sixth Amendment
to the United States Constitution provides:

> "In all criminal prosecutions the accused shall
> enjoy the right to a speedy and public trial * * *."

Art. II, Section 24, 1972 Montana Constitution states:

> "In all criminal prosecutions the accused shall
> have the right to * * * a speedy public trial * * *."

The right to a speedy trial has been classified as a funda-
mental right, applicable to the states by virtue of the Fourteenth
Amendment to the United States Constitution. Klopfer v. North
Carolina, supra.

The touchstone in any analysis of the speedy trial issue
is Barker v. Wingo, supra. Both parties, at least implicitly,
recognize the primary authority of Barker. We find no need to
reiterate the theoretical foundations of the four factor balancing
approach of Barker as adopted by numerous Montana decisions. It
is sufficient to say the balancing test involves a weighing of
these four factors with consideration given to the conduct of the
accused and prosecution, respectively:

(1) Length of delay;

(2) Reason for delay;

(3) Defendant's assertion of the right; and

(4) Prejudice to the defendant.

First, the length of delay in this case. There were two basic delays involved (a) 4 1/2 months between the alleged offense and the actual arrest, and (b) 6 months between the arrest and the filing of the Information. A similar delay was considered by this Court in Fitzpatrick:

> "Length of delay: Seven months. We emphasize this delay is not considered a per se violation of petitioner's right to a speedy trial, but under the circumstances here it is thought long enough to shift to the state the burden of explaining the reason for the delay and showing absence of prejudice to petitioner." 165 Mont. 382, 388.

Here, as in Fitzpatrick, we find the burden to have shifted to the state by reason of the delays. Unlike the situation in Carden, the entire 10 1/2 month delay in this case consists primarily of "dead time". The prosecution simply was not pursued with reasonable diligence until the time the Information was filed. Indeed, the investigation of the case which furnished the information necessary to charge these defendants was completed at least 8 months prior to the filing of the Information.

Second, the reason for the delay. The state argues it was not made aware of the fact defendants were arrested and brought before the justice court on November 20, 1975, until shortly prior to the time the Information was filed.

This is not a case involving delays occasioned in any manner, whether through time consuming investigations or good faith motions, by the conduct of the defendants. It is true the state, in a given case, is not automatically chargeable with all delays not attributable to the defendant. State v. Carden, supra. The delays here appear to be unintentional rather than deliberate, nevertheless they are substantial delays resulting directly from a breakdown in the chain of prosecution, for which

the state will be held responsible. The reason for the delay advanced by the state is insufficient to justify the lengthy delay.

Third, we find defendants' assertion of the right to a speedy trial was timely. As stated in Steward:

> "The 'appropriate motion' is a motion to dismiss for denial of a speedy trial. The proper time to assert the right to a speedy trial is prior to the actual commencement of the trial, usually at the time the trial date is set, or the time the case is called to trial." 168 Mont. 385, 390.

Here, defendants moved to dismiss for lack of a speecy trial two weeks following arraignment in district court and less than a week after the first trial date was set. Under these circumstances we find the assertion of the right was properly and timely made. Defendants' waiver of the right regarding any delay occasioned by their motion to dismiss has no effect on the propriety of the assertion.

Fourth, prejudice, both presumptive and actual, to defendants.

The primary interests which lie at the heart of this factor are set forth in Barker:

> "* * * Prejudice, of course, should be assessed in the light of the interest of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most important is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown." 407 U.S. 514, 532.

Defendants acknowledge they were not prejudiced with regard to oppressive pretrial confinement. There was no pretrial confinement.

The second interest to be protected by a speedy trial, minimization of an accused's anxiety and concern, is difficult to show as such is not readily subject to proof by objective evidence. State v. Steward, supra. Here, while the record contains no facts conclusively showing anxiety and concern have been caused to defendants, various statements appearing in defendants' brief support the conclusion defendants have likely been subject to substantial anxiety and emotional abuse because of the delays. We find, under the facts, some prejudice in the nature of anxiety and concern can be presumed to have occurred.

It is the third and most important of the interests outlined above which concerns us here. The defense was seriously impaired by the death of an essential witness and it has resulted in actual prejudice to defendants. Its deleterious effect on the ability of defendants to prepare an adequate defense is more than obvious. It is no argument to say the testimony of the deceased witness might have been controverted by testimony of state's witnesses. We cannot allow any defendant's right to an adequately prepared case to be dismissed in this manner.

After considering the circumstances in the light of the factors established by Barker, we hold there has been an excessive delay; that no viable justification for the delay has been demonstrated; that defendants' assertion of the right to a speedy trial was proper and timely; and that some prejudice, both actual and presumptive, resulted directly from the delay.

- 8 -

Accordingly, it is ordered the district court annul and set aside its oral order of April 12, 1977, denying defendants' motion to dismiss and substitute therefor an order of dismissal.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.