STATE, APPELLANT, *v.* McGOWAN, RESPONDENT.

(No. 8,312.)

(Submitted September 18, 1942. Decided November 25, 1942.)

[131 Pac. (2d) 262.]

*Mr. Howard M. Gullickson,* Attorney General, *Mr. Fred Lay,* Assistant Attorney General, and *Mr. Leonard A. Schultz,* County Attorney of Beaverhead County, submitted a brief; *Mr. Lay* and *Mr. Schultz* argued the cause orally.

*Mr. W. G. Gilbert,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

June 5, 1941, the county attorney of Beaverhead county, █ after leave of court first had and obtained, filed an information in the district court of the Fifth Judicial District, charging the defendant with the crime of burglary. The Honorable Jeremiah J. Lynch, of the Second Judicial District, presiding on December 26, 1941, granted a motion to dismiss the information "on the ground and for the reason that the defendant was not brought to trial within six months after the filing of the information."

January 28, 1942, Judge George W. Padbury, Jr., of the First Judicial District, presiding, granted the county attorney, on his written motion therefor, leave to file an information charging the defendant with the same crime as that alleged in the information filed June 5, 1941. The second information was filed January 29, 1942. When the defendant entered his plea his counsel first moved to quash the information, which motion was denied; counsel then demurred to the information on the ground, amongst other things, that the information was barred by section 12223, Revised Codes, and that the defendant's incarceration was in violation of the provisions of section 16 of Article III of the Constitution of Montana, providing for a speedy public trial, and otherwise illegal. The demurrer was sustained, the information ordered dismissed and the defendant released. The state appealed. The sole assignment of error is on the court's sustaining the demurrer to the information.

Section 12223, Revised Codes, relied upon by the defendant, in part provides:

"When action may be dismissed. The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: * * *

"2. If a defendant, whose trial has not been postponed upon

his application, is not brought to trial within six months after the finding of the indictment, or filing of the information."

The facts involved in this action are practically identical with those involved in the case of *State* v. *Arkle*, 76 Mont. 81, 245 Pac. 526, except that the filing of a second information following the dismissal of a prior information was not involved in that case.

The crime of burglary is a felony. (Secs. 10723 and 11348, Revised Codes.) In the event a prior information charging a felony be ordered dismissed, a second may be filed by virtue of section 12229, Revised Codes, and the accused tried under such second information. The trial court was in error in ordering the second information dismissed and the accused discharged. Section 12229 provides: "An order for the dismissal of an action, as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony."

As to the incarceration of the defendant being in violation of section 16, Article III of the Constitution, relating to a speedy trial, 22 C. J. S., Criminal Law, sec. 467, page 715, says "The constitutional guarantees of the right of a speedy trial extend to all persons accused of criminal offenses." At page 716, 22 C. J. S., Criminal Law, section 467, it is further said: "The authorities generally hold that statutes providing for a discharge of accused unless trial is had within a stated time after indictment, information, or commitment, * * * are enacted for the purpose of enforcing the constitutional right, and that they constitute a legislative construction or definition of the constitutional provision, and must be construed fairly to the accomplishment of that end." (See, also, 14 Am. Jur. 858.) We think the application of this rule is correctly suggested in the case of *State* v. *Le Flohic*, 127 Minn. 505, 150 N. W. 171, 172, where it is said: "Whether a trial is a speedy trial within the Constitution is a judicial question. The Legislature cannot say and does not say that a trial is speedy if had within the time * * * mentioned in the section of the statute

quoted. It does say, and it properly may say in regulating criminal procedure, that an indictment not tried as therein provided shall be dismissed." It has also been suggested that our section 12229 is likewise unconstitutional in so far as it provides that a dismissal is not a bar to prosecution for the same offense in a felony case. That section was in substance taken from section 1387 of the Penal Code of California. In fact the particular provision in question is a verbatim adoption of the California statute, and in the case of *People* v. *Dawson,* 210 Cal. 366, 292 Pac. 267, the section was held constitutional. ■ That decision was made subsequent to our enactment of 12229, but we are inclined to follow the California decision as an act of the legislature will not be held void unless it appears to be so beyond a reasonable doubt. (*Hale* v. *County Treas.,* 82 Mont. 98, 265 6, and cases cited.) Section 12229 was not cited by either counsel but it is controlling here.

The judgment is reversed and remanded to the district court with instructions to overrule the demurrer to the information and proceed with the trial of the accused.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ERICKSON and ANDERSON concur.