No. 12446

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

RICHARD SANDERS, also known as
DICK SANDERS,

Defendant and Appellant.

---

Appeal from: District Court of the Sixth Judicial District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellant:

Robert L. Stephens argued, Billings, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
J. C. Weingartner, Assistant Attorney General, argued,
Helena, Montana
Jack Yardley, County Attorney, argued, Livingston, Montana

---

Submitted: October 16, 1973

Decided: DEC 3 1973

Filed DEC 3 1973

*Thomas J. Kearney*
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

Defendant, Richard Sanders, was convicted in the district court of Park County of second degree assault and the court imposed a three year deferred imposition of sentence. The deferred imposition of sentence was subsequently revoked and a sentence of four years in the state prison imposed. Defendant appeals the underlying conviction and the revocation of the deferred imposition of sentence.

The conviction was the second returned by a jury against defendant on the same charge. The first was reversed by this Court in State v. Sanders, 158 Mont. 113, 489 P.2d 371, with remittitur issuing on October 18, 1971. In that case defendant was convicted of three counts of second degree assault. This Court dismissed one count and returned the remaining two to the district court for retrial. The two counts were set for trial on April 3, 1972, by a minute entry dated January 7, 1972. A copy of this minute entry was mailed to defendant's counsel of record. On April 11, 1972, defendant appeared with his counsel and claimed that he had not known of the April 3, 1972, trial setting. The court then set trial for April 19, 1972, and reappointed defendant's counsel.

No reason appears in either the court file or the transcript for the further delay until May 10, 1972, when trial was finally had. At that time one count was dismissed on motion of the county attorney. Proceeding on the original Information, the state then obtained a jury verdict of guilty of assault in the second degree on the remaining count. The district court deferred imposition of sentence for three years subject to certain conditions, including the requirement that defendant reimburse the county for his court appointed counsel.

On June 27, 1972, defendant was charged with disturbing the peace and plead guilty. Thereafter, a petition for revocation of deferred imposition of sentence was filed alleging defendant's

failure to reimburse the county and the disturbing the peace incident. Hearing was set for October 3, 1972. This hearing was subsequently reset for October 10. At the hearing little was accomplished, save substitution of counsel. The matter was then continued until October 17, 1972, and defendant ordered held pending the hearing. Bail was set at $5,000. While defendant was incarcerated pending hearing, he assaulted a deputy sheriff. The petition to revoke was amended to reflect this assault.

At the hearing on October 17, 1972, the allegation of failure to reimburse the county was dropped. Various witnesses were presented. These witnesses testified to the facts underlying defendant's plea of guilty to disturbing the peace and to his assault on the deputy sheriff. From this testimony the district court concluded that defendant had twice been in violation of the law and revoked the deferred imposition of sentence. Defendant was then sentenced to four years in the state prison.

On appeal defendant raises five issues, three relating to the trial which resulted in his assault conviction and two relating to the hearing at which his deferred imposition of sentence was revoked. Specifically, defendant claims the court erred at the trial by:

(1) Denying him a speedy trial,

(2) Allowing the state to base the prosecution on the original Information, and

(3) Giving the instruction defining second degree assault out of order and separate from the other instructions.

As to the hearing, defendant claims the district court erred:

(a) In revoking his deferred imposition of sentence in that there was no proper basis for the revocation, and

(b) The order of revocation does not meet minimum due process standards.

The right of a defendant to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Art. III, §16, of the 1889 Montana Constitution. Recent cases of the United States Supreme Court and this Court establish the standards to be applied in determining whether or not a defendant has been denied this right. While the United States Supreme Court has repeatedly held that the right to a speedy trial is a fundamental right imposed on the states by the due process clause of the Fourteenth Amendment to the United States Constitution (Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L ed 2d 1; Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L ed 2d 607; Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L ed 2d 26) it was not until Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L ed 2d 101, 116,117, that it set out the criteria by which the right to a speedy trial is to be judged.

In Barker, that court expressly rejected both the fixed time period approach and the demand waiver approach and adopted a balancing test "in which the conduct of both the prosecution and the defendant are weighed." To guide the application of the balancing test the Supreme Court went on to identify some of the factors which should be assessed in determining whether or not a particular defendant has been denied his right to a speedy trial:

> "Though some might express them in different ways, we identify four such factors:  Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."

In applying these factors of the balancing test to the facts of Barker, the Supreme Court found that the lack of prejudice and the failure on the part of the defendant to seek a trial outweighed the largely unexcused delay of more than five years, which included nearly ten months of imprisonment.

This Court held in State v. McGowan, 113 Mont. 591, 594, 131 P.2d 262:

> "'Whether a trial is a speedy trial within the Constitution is a judicial question.'"

- 4 -

In State v. Lagerquist, 152 Mont. 21, 27, 445 P.2d 910, this Court identified certain factors for consideration in determining the answer to this judicial question. Essentially the same factors established by the United States Supreme Court in Barker, they include:

> "'(1) length of delay, (2) reason for delay, (3) waiver of right to a speedy trial by defendant, and (4) prejudice to the defendant from the delay.'"

In determining the length of delay, defendant claims the time which elapsed between the filing of the Information and the first trial should be added to the time between the filing of this Court's remittitur and the second trial. We reject this view and adopt the position taken by the American Bar Association Project on Minimum Standards for Criminal Justice, Speedy Trial, Section 2.2 (Approved Draft 1968), which provides:

> "When time commences to run.
>
> "The time for trial should commence running * * *
>
> "* * *
>
> "(c) if the defendant is to be tried again following a mistrial, an order for a new trial, or an appeal or collateral attack, from the date of the mistrial, order granting a new trial, or remand."

The commentary which accompanies the A.B.A. Standard specifically observes:

> "In cases of remand, the relevant date is not the day of the higher court decision, but the day of receipt of the mandate by the lower court."

Accordingly in deciding defendant's claimed denial of a speedy trial, we need consider only the period from October 18, 1971 when this Court's remittitur was filed, and May 10, 1972 when the defendant was brought to trial for the second time. Therefore, the lapse of time which defendant claims resulted in a denial of his constitutional right to a speedy trial amounts to six months and twenty-two days.

- 5 -

From an examination of the second factor listed in Barker and Lagerquist---the reason for the delay---it appears that following the return of our mandate to the district court the cause was duly set for retrial on April 3, 1972, the next jury term. Notice of this setting was mailed to defendant's counsel of record. On April 3 defendant failed to appear for trial. Defendant appeared on April 11 and claimed lack of notice as an excuse for his failure to appear on April 3. Defendant was then given until April 19, when the cause was again set for trial. For reasons not appearing in the record, the trial was further postponed until May 10, 1972.

From the foregoing it appears the district court gave the cause the reasonable prompt calendar consideration required under Lagerquist with regard to cases returned to district court. The delays that followed, if not chargeable to defendant, certainly cannot be charged to the state. The first delay from April 3 to April 11 can be charged to defendant's counsel for failure to inform defendant that trial had been set as per the minute entry. The second delay flowed from the first, since time was required after defendant had been notified to resubpoena witnesses and to arrage for a jury. The third delay from April 19 to May 10 is unexplained, but it is not of such duration as to affect the right to a speedy trial.

Considering the third and fourth factors in Barker and Lagerquist---defendant's assertion of his right and the prejudice which resulted from the delay---it is apparent (1) that defendant made no assertion of his right to a speedy trial, and (2) no actual prejudice is shown. Defendant alleges that the eight days granted on April 11 to prepare for trial were so little as to constitute prejudice; however, other than this bald assertion, no showing is made of the manner in which this caused actual detriment to defendant; and, considered with the fact that three additional weeks were allowed before the trial, defendant's claim of prejudice would seem to be negated.

From the foregoing we conclude defendant was not denied a speedy trial within the meaning of the United States and the Montana constitutional guarantees.

Defendant's issue (2) is that there was a denial of due process in the trial court's failure to require the filing of a new Information. In State v. Aus, 105 Mont. 82,87, 69 P.2d 584, this Court considered whether or not a defendant whose conviction had been reversed on appeal could again be tried on the same indictment. In holding that he could, the Court said:

> "'It is an established principle of law that a defendant in a criminal case who procures a verdict and judgment against him to be set aside by the court may be tried anew upon the same or another indictment for the same offense of which he was convicted.'" (Emphasis added).

This view is supported by a majority of jurisdictions. In 24 C.J.S. Criminal Law § 1426, it is said:

> "For most purposes, the grant of a new trial places the parties in the same position as though the case had not previously been heard; however, neither a new indictment nor a new plea is necessary." (Emphasis added).

This rule is equally applicable to Informations. The district court did not err by allowing the prosecution to proceed without requiring the filing of a new Information.

Defendant's issue (3) relates to the trial and concerns the giving of the instruction defining second degree assault late and out of order.

Defendant claims the district court's action in giving the instruction after the state's closing argument placed emphasis on the state's theory of the case to the prejudice of defendant. In support of his position, defendant cites 23A C.J.S. Criminal Law § 1299, for the proposition that:

> "The court should not interrupt the argument of counsel in order to charge the jury * * *."

While we agree with defendant's basic premise that it is by far the better practice to avoid the giving of instructions after the arguments have begun, we feel that the situation in this case is more directly dealt with by the paragraph in 23A C.J.S.

Criminal Law § 1299, immediately preceding that cited to us by

defendant, which states:

> "Although it may be the approved practice to give
> the instructions before the argument, additional,
> omitted, or corrected instructions may be given
> thereafter * * *."

Under Montana statutes the court is required to instruct

the jury prior to arguments of counsel. Section 95-1910(e),

R.C.M. 1947. However, section 95-1911, R.C.M. 1947, allows a

departure from this prescribed order "for good reasons, and in the

discretion of the court". In the instant case, an instruction was

inadvertently omitted. Since it defined the crime with which

defendant was charged and such crime could be found on the evi-

dence presented to the jury, the court was obligated by section

95-1910(e), R.C.M. 1947, and this Court's decision in State v.

Thomas, 147 Mont. 325, 413 P.2d 315, to give the instruction.

Since the instruction was required, there was good reason for

the court to depart from the normal order of trial to present

it and thus fully instruct the jury.

Any prejudice which may have resulted from this departure

from the normal order of trial was cured by the district court's

complete and careful caution to the jury:

> "THE COURT: * * * And through an oversight of the
> Court and an omission of the Court one instruction
> was left out. * * * At this time I want to caution
> the jury as to Instruction No. 1, that you have here,
> that says these instructions are to be considered as
> one instruction, and you have no right to consider
> any part or portion of them to the exclusion of other
> portions, and that the order that the instructions are
> given has no significance. In other words, there are
> 30 instructions. Somewhere along the line every in-
> struction has to be given and the order that they
> appear here is of no significance. Each instruction
> is to be weighed as its own instruction. * * *
>
> "And I caution the jury at this time that you are
> not to give any undue emphasis to this instruction as
> to the order that it's given. That it was omitted by
> the court in the original set of instructions."

The court's admonition fully informed the jury as to the

reason the instruction was being given at the time it was, and

adequately warned it against giving the instruction any undue

prominence because it was given separate from the other instructions. State v. Brooks, 150 Mont. 399, 436 P.2d 91.

Defendant's remaining issues (a) and (b) relate to the revocation of deferred imposition of sentence. Defendant claims the revocation was improperly based on a plea of guilty entered without benefit of counsel, and on an assault which occurred while defendant was in custody. He alleges the revocation does not comply with due process requirements in that there was no written statement of reasons for the revocation or of the evidence relied on.

On the record we find it unnecessary to consider defendant's argument as to whether or not a plea of guilty entered without assistance of counsel can form the basis for revocation of deferred imposition of sentence for the simple reason that the court did not rely on the plea, but rather considered evidence introduced at the revocation hearing regarding this incident. In regard to the incident, the court said:

> "It is the view of this court that by the evidence and by the admission of defendant himself in the revocation hearing, that the defendant was in violation of his parole by his acts at that time. And I don't think it was necessary to consider the formal charges in the Justice Court * * *."

Defendant also suggests that an assault committed while incarcerated should not serve as a basis for revocation of deferred imposition of sentence. No authority is cited for this proposition and we find no abuse of discretion in the district court's consideration of the defendant's assault on a deputy sheriff while incarcerated awaiting his revocation hearing.

Defendant's claim of denial of due process at the revocation hearing is equally ill-founded. Defendant's basic objection is that no written statement of reasons for the revocation was provided. He alleges such a statement is required by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L ed 2d 484. The mandate of Morrissey, if applicable, was complied with in this case in that a complete transcript of the hearing on revocation and the

- 9 -

proceedings at which the district court revoked the deferred imposition of sentence was kept and made available to defendant. In the transcript of the proceedings at which the deferred imposition was revoked, is the statement of reasons which defendant claims he was entitled, now reduced to writing.

Accordingly, the conviction and the revocation of deferred imposition of sentence are affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

_____
Hon. Paul G. Hatfield, District
Judge, sitting for Mr. Justice
John Conway Harrison.

- 10 -