No. 81-88

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

STATE OF MONTANA,

             Plaintiff and Respondent,

     vs.

HAROLD MELVIN FIFE,

             Defendant and Appellant.

Appeal from:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone.
              Honorable William J. Speare, Judge presiding.

Counsel of Record:

     For Appellant:

         Stacey and Jarussi, Billings, Montana

     For Respondent:

         Hon. Mike Greely, Attorney General, Helena, Montana
         Harold F. Hanser, County Attorney, Billings, Montana

                              Submitted on briefs: July 2, 1981

                                   Decided: August 20, 1981

Filed:   AUG 20 1981

         *Thomas J. Kearney*
         _____
                              Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

This is an appeal from a conviction of robbery. The defendant was first tried on the charge April 17, 1979, and convicted. That conviction was reversed by this Court and remanded for a new trial. State v. Fife (1980), ___Mont.___, 608 P.2d 1069, 37 St.Rep. 600. The appellant was accused of the December 14, 1978, robbery of Mr. and Mrs. Curtis Workman. The facts are set forth in the first opinion and will not be restated.

We reversed the conviction, holding the District Court had abused its discretion by denying the defendant's motion for continuance, made so that a subpoenaed witness, crucial to the defense of the case, could be compelled to attend and testify. Remittitur was ordered April 10, 1980. The State took no further action until September 11, 1980, when the District Court granted an order authorizing the return of the defendant from the Montana State Prison, to the Yellowstone County jail. On October 8, 1980, the appellant made motions to suppress evidence seized from appellant's truck and the apartment the appellant shared with two other persons. The appellant also moved to dismiss the case on the grounds the appellant had been denied bail following reversal of his first conviction. Section 46-9-104, MCA. Bail had been originally set in January 1979 at $20,000. Following a hearing on the motion to set bail October 9, the court reduced bail to $15,000. Appellant could not post the reduced bail. The record shows the appellant has been continuously incarcerated since his arrest.

The second trial was set for October 21, however, before trial, on October 17, the appellant made a second

motion to dismiss contending deprivation of his right to speedy trial. The motion was denied.

The second trial lasted three days and included the testimony of the absent defense witness. The appellant renewed his motion to dismiss for denial of his speedy trial right several times during the trial. After deliberation, the jury found the appellant guilty of robbery.

Following trial, the appellant filed a motion for directed verdict notwithstanding the judgment and a motion for further hearing on the denial of speedy trial motions earlier filed. A brief hearing was held November 25; both motions were denied. On November 26, the appellant was sentenced to 20 years and from that judgment, the defendant appeals.

Appellant raises the following issues:

1. Whether the District Court erred by denying appellant's motion to dismiss for failure to grant a speedy trial.

2. Whether comment by a witness revealing the first trial was reversible error.

3. Whether denial of the motion to suppress, which was based upon the record of the earlier trial, was reversible error.

We find the first issue determinative and consequently need not address the additional issues raised.

The right of any defendant to a speedy trial is guaranteed by the federal and state constitutions. U.S. Const., Amend. VI; 1972 Mont. Const., Art. II, §24. When faced with a claimed denial of the right, this Court has applied the four part standard of review stated in Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. State

v. Larson (1981), ___Mont.___, 623 P.2d 954, 38 St.Rep. 213; State v. Bretz (1979), ___Mont.___, 605 P.2d 974, 36 St.Rep. 1037; State v. Harvey (1979), ___Mont.___, 603 P.2d 661, 36 St.Rep. 2035; State v. Freeman (1979), ___Mont.___, 599 P.2d 368, 36 St.Rep. 1622; State v. Puzio (1979), ___Mont.___, 595 P.2d 1163, 36 St.Rep. 1004; State v. Tiedemann (1978), 178 Mont. 394, 584 P.2d 1284; State v. Collins (1978), 178 Mont. 36, 582 P.2d 1179.

The factors considered are (1) length of the delay, (2) reason for delay, (3) defendant's assertion of the right, and (4) prejudice to the defendant from delay. Application of this "balancing test" of course must be made on an ad hoc basis. Barker v. Wingo, supra, 407 U.S. 514, 530. We have reviewed the circumstances peculiar to this case and after balancing many factors, we reluctantly must order reversal and dismissal of this cause.

The first factor, length of delay, has been termed the "triggering mechanism" to speedy trial inquiries. Barker, 407 U.S. at 530-531. The delay in this case is indeed sufficient to trigger further inquiry.

After a conviction has been reversed and remanded for retrial, the speedy trial timeclock begins on the date of the remittitur and continues until trial. State v. Sanders (1973), 163 Mont. 209, 516 P.2d 372. We ordered remittitur of this cause April 10, 1980. The appellant was tried 194 days later on October 21, 1980. We find the State's total inaction for the first five months of the delay to be particularly troublesome.

In Sanders, we held six months and 22 days was sufficient to trigger further inquiry. 516 P.2d at 375. In Freeman, we held 207 days, approximately seven months, met

this threshold requirement. While we are aware of the practical problems in gradually reducing the minimum number of days required to support speedy trial inquiry, we are equally aware of the fundamental constitutional right involved. The appellant has remained incarcerated since his arrest on January 15, 1979. We cannot directly consider the period from the initial arrest until remittitur for purposes of appellant's claim of denial of speedy trial, however, we note in holding that the appellant has met the threshold requirement of Barker, that throughout the delay under scrutiny the appellant was incarcerated; 154 days at Montana State Prison and 40 days in the county jail.

The appellant has triggered further review of his claim. "The length of delay thus shifts the burden to the State of explaining the reason for the delay and showing absence of prejudice to defendant." (Citations omitted and emphasis added.) Tiedemann, 584 P.2d 1288.

The State contends the case was justifiably delayed because of (1) its good faith belief that defendant's counsel intended to negotiate a plea bargain, and (2) the time consumed by the number of motions filed, briefed, argued and decided between September 15 and October 21. We are not persuaded. The State's argument is, at best, that the appellant somehow waived his right to speedy trial.

First, we cannot conclude from this record that the appellant waived his constitutional right to speedy trial. Barker, 407 U.S. at 525-526. Second, the State has completely failed to supply a plausible reason for its inaction for five months yet argues we should decide the case as we did Freeman. In Freeman, we held we could not presume prejudice was attributable to the State where the prosecu-

tion was diligent and numerous time-consuming motions had been made. Freeman, 599 P.2d at 371. In our view, this case is clearly distinguishable. The State has not been diligent; the entire period of delay must be charged to the State. Mere allusion to good faith misunderstanding and crowded court calendars is not sufficient justification where the State has not been diligent and the appellant has been unable to post bail from his initial arrest.

The third test is whether there has been a timely assertion of the right by defendant. A motion to dismiss for denial of speedy trial made by the defendant prior to the commencement of the trial is an "appropriate motion" which fulfills this requirement. State v. Steward (1975), 168 Mont. 385, 390, 543 P.2d 178, 182. The appellant properly asserted his right with such a motion four days prior to trial.

The State contends we should consider that the appellant failed to put the State on notice by earlier communicating his desire for a speedy retrial. This is not the law. ". . .[I]t is not the duty of defendant to bring himself to trial." Larson, 623 P.2d at 958.

The last inquiry in Barker is whether the defendant has been prejudiced. The State contends that unless the appellant was so prejudiced as to deny him a fair trial we must deny his claim. We do not agree.

> "Prejudice in a speedy trial context is to be as-
> sessed in light of the interests of defendants
> which the speedy trial right was designed to pro-
> tect. In this regard, defendants' interests have
> been identified as: '(i) to prevent oppressive pre-
> trial incarceration; (ii) to minimize anxiety and
> concern of the accused; and (iii) to limit the pos-
> sibility that the defense will be impaired.' Barker
> v. Wingo, 407 U.S. at 532." Larson, 623 P.2d at 959.

The United States Supreme Court further explained the requirement in Moore v. Arizona (1973), 414 U.S. 25, 26, 94 S.Ct. 188, 38 L.Ed.2d 183:

> ". . . Barker v. Wingo expressly rejected the notion that an affirmative demonstration of prejudice was necessary to prove a denial of the constitutional right to a speedy trial:
>
> "'We regard none of the four factors identified above [length of delay, reason for delay, defendant's assertion of his right and prejudice to the defendant] as either a necessary or sufficient condition to finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. . .'"

The State contends the appellant was not prejudiced because two important witnesses were also in the State prison. The State argues that proximity of these witnesses gave the appellant a greater opportunity to assist in the preparation of his legal defense than if he were incarcerated in the Yellowstone County jail. We can hardly agree that the appellant had a better opportunity to prepare his defense in prison with the help of two fellow prisoners than he would with the aid of his retained counsel in Yellowstone County.

We hold the appellant has shown sufficient prejudice from the record and circumstances of the case. The appellant testified at his suppression hearing of anxiety over not knowing whether the State would retry his case. The record of extended confinement is clear.

We find ample evidence in the record to hold the delay in this case prejudiced the appellant.

Having found the deprivation of the appellant's right to speedy trial, we must dismiss the case. Strunk v. United States (1973), 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56; State v. Keller (1976), 170 Mont. 372, 553 P.2d 1013.

In summary, after considering all the circumstances and the factors set forth above, we hold that excessive delay between remittitur of the first conviction in this action and retrial of the appellant has occurred; that the State has failed to adequately explain its total inaction for substantially all of the delay; that the appellant timely asserted deprivation of his right to speedy trial; that sufficient evidence of resultant prejudice to the appellant has been shown; that the only proper remedy is dismissal of the case.

For the foregoing reasons, the conviction is reversed and dismissed with prejudice.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

-8-