No. 83-01

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

STATE OF MONTANA, and CITY OF
BOZEMAN,

                 Plaintiff and Respondent,

    -vs-

KENNETH CHARLES KNOX,

                 Defendant and Appellant.

---

APPEAL FROM:   District Court of the Eighteenth Judicial District,
               In and for the County of Gallatin,
               The Honorable W. W. Lessley, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        J. Cort Harrington, Jr. argued, Helena, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        James M. Scheier argued, Asst. Atty. General, Helena
        Mary Crumbaker-Smith, Bozeman, Montana

---

                Submitted: October 28, 1983

                Decided: January 23, 1984

Filed: 1/23/84

_____
                Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Eighteenth Judicial District of the State of Montana in and for the County of Gallatin, following the conviction of appellant, for driving under the influence of alcohol.

Appellant was first convicted in the city of Bozeman, by a city court jury. He appealed to the District Court for a trial de novo, made motions to exclude evidence which were denied, later moved for dismissal for lack of a speedy trial which was denied, and was convicted. He appeals that conviction. Appellant was arrested March 6, 1981, and charged with driving under the influence of alcohol. He testified he had one beer and four scotch drinks over a period of a couple of hours, prior to his arrest. He was stopped a few blocks from his home by the city police and was taken to the police department, where he was given a breath-alcohol test approximately one half-hour after his arrest.

The appellant was given several breath-alcohol tests after being taken to the police department, many of which were thrown away because the officer testified that he wanted to give the appellant a "fair chance." The second test he was given had a reading of .110% and in addition he was tested to a .135%.

After being tested, the appellant was driven home by the police department. He then called a friend who took him to the police station for a retest. He was refused a retest, but was told he could go to the hospital for a blood test. At 11:35 p.m., some three hours after he was first

arrested, the blood test showed an alcohol blood content of .10%.

Five issues were presented in this appeal. However, in view of the fact that the one controlling issue that necessitates a reversal and dismissal is the fact that the defendant's right to a speedy trial was violated, the other issues raised on this appeal will not be discussed.

The appellant's constitutional right to a speedy trial is guaranteed by the Fourteenth Amendment of the United States Constitution, and by Article II, Section 24 of the Constitution of Montana; furthermore that right is implemented by Section 46-13-201(2), MCA. While Article II, Section 24 of the Montana Constitution does not specify the exact period of time that must elapse before the right to a speedy trial has been violated, the legislature did provide and did implement Article II, Section 24, by specifying that unless good cause is shown, a misdemeanor must be dismissed if not brought to trial within six months, see Section 46-13-201(2), MCA, which provides:

> "The court, unless good cause to the contrary is shown, must order the prosecution be dismissed if a defendant whose trial has not been postponed upon his application is not brought to trial within 6 months after entry of plea upon a complaint, information, or indictment charging a misdemeanor."

These statutes were all enacted for the purpose of enforcing a constitutional right and they constitute a legislative construction or definition of the constitutional provisions, and must be construed fairly to accomplish that result. See State v. McGowan (1942), 113 Mont. 591, 131 P.2d 262. In the case of Barker v. Wingo (1972), 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101, 112-113, the

-3-

court declined to specify a period of time after which the right to a speedy trial, guaranteed by the Fourteenth Amendment, would be violated. It did recognize the right of the legislature to set such a specified period of time, as has been done in Montana.

In this case the appellant appealed his city court conviction on July 10, 1981. A trial date was not set in the District Court until August 19, 1982, and trial was not held until November 15, 1982. Plaintiff argues that conceding for purposes of argument that part of this time may be attributable to the appellant and not to the State, the six-month period prescribed by Section 46-13-201(2), MCA, elapsed some time between January 6, 1982, the date the District Court denied the motion to suppress, and July 20, 1982, the date the appellant made a motion to dismiss the charge for failure to bring the case to trial within six months.

The State admits that a period of 195 days are so-called "dead time" or arose as a result of unintentional "institutional delays" and are therefore inexplainable. The appellant argues that the opinion of this Court in State v. Schnell (1939), 107 Mont. 579, 88 P.2d 19, is internally inconsistent, and was overruled by legislative action in its enactment of Section 46-13-201(2), MCA. Not so!

The Schnell decision reveals that it is still valid, and the reasoning is directly applicable to the facts in the instant case. In Schnell, the defendant was convicted in justice court, of driving while under the influence of alcohol. He appealed his conviction to the district court, and was again found guilty in a trial de novo. He appealed

-4-

to the Montana Supreme Court, and on the speedy trial issue the Court held as follows:

> "The crime was alleged to have been committed on December 23, 1935. On December 30, 1935, defendant was tried in justice court and found guilty. The appeal was taken on December 31. On January 13, 1937, defendant filed his motion to dismiss under section 12223, Revised Codes. The requirements of that section and of section 16 of Article III of our Constitution, giving to the accused the right of a speedy trial, were met by the trial in the justice court. On appeal to the district court the defendant does not have the benefit of section 12223. On appeal the trial is de novo . . . . It is to all intents and purposes a second or new trial. 'Where the accused has been tried promptly and convicted, and on his own motion the conviction is set aside and a new trial ordered, he will not be entitled to a discharge under the statute because of the delay of the prosecution in trying him the second time * * * it being held that the constitutional or statutory requirements are satisfied by a speedy trial.'"

Schnell, 107 Mont. at 582, 88 P.2d at 20.

It appears that Section 46-13-201(2), MCA, is inapplicable to a trial de novo in district court. A trial de novo is a "new trial," one which does not strictly speaking, arise out of entry of plea upon a complaint, but arises out of an appeal. The statutory speedy trial requirements of Section 46-13-201(2), MCA, were complied with in this case. The defendant was brought to trial in city court within the six-month period permitted by the statute.

The question then arises as to whether a trial de novo, or "new trial," is subject to the constitutional requirements of a speedy trial. In State v. Sanders, (1973), 163 Mont. 209, 516 P.2d 372, this Court adopted

Standard 12-2.2(c) of the American Bar Association Standards for Criminal Justice. That standard basically provides that, in cases of appeal, or an order for a new trial, the time for trial should begin running from the date of the order granting the new trial. In Sanders, this Court applied that standard in the context of a remand for a new trial following an appeal to the Montana Supreme Court. Sanders, (1973), 163 Mont. at 214, 516 P.2d at 375. The rationale has not yet been extended to cover a trial de novo in district court following an appeal from a lower court conviction, and this Court's holding in Schnell has not been overruled.

We hold that the appellant's right to a speedy trial guaranteed by Article II, Section 24 of the Montana Constitution was violated and it necessitates a reversal of the conviction and the dismissal of the charge, being the only meaningful remedy for a violation of the important right to a speedy trial. Barker v. Wingo, supra.

The judgment of the District Court is reversed and the cause is dismissed.

Justice

We concur:

Chief Justice

-6-

_____

_John E. Shelley_
_____

_Daniel J. Idea_
_____

_Frank B. Minson_
Justices
_____

Mr. Justice L.C. Gulbrandson dissenting.

I respectfully dissent.

I concur with the majority that this Court's holding in State v. Schnell (1939), 107 Mont. 579, 88 P.2d 19, has not been overruled, but I do not agree that, under Barker v. Wingo, the charge should be dismissed.

The delay here appears to be sufficient to shift to the State the burden of explaining the delay and showing absence of prejudice to the defendant. Approximately 221 days of the delay are directly attributable to the filing and consideration of multiple defense motions to suppress and application to this Court for a writ of supervisory control. The remaining period of time chargable to the State appears to be the result of "institutional delay," which has been considered to weigh less heavily than intentional delays by the State. Although prejudice to the defendant has been identified as one of the most important considerations under Barker v. Wingo, I find little prejudice to the defendant here. The defendant was not incarcerated for the offense, he obtained a stay of execution of sentence and return of his driver's license, and none of his rights were curtailed. The defendant does claim that a defense witness died during the interim, but it is obvious that the witness was known to the defendant at the time of the first trial, but was not called as a witness for good reasons. That witness died 64 days after the defendant appealed his city court conviction, but ten months before the defendant asserted his right to a speedy trial.

I would affirm the District Court's ruling that the defendant was not deprived of his right to a speedy trial.

_____
Justice

-8-