No. 85-292

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

CITY OF HAMILTON,

        Plaintiff and Respondent,

   -vs-

BYRON CRAIG HAYDEN,

        Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Fourth Judicial District,
In and For the County of Ravalli,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Judith A. Loring, Hamilton, Montana


    For Respondent:

        Koch, McKenna, Goheen & Boggs; D.W. McKenna, Hamilton,
Montana

_____

Submitted on Briefs: Oct. 3, 1985

Decided: November 14, 1985


Filed:    NOV 14 1985

_____
                Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant Byron Hayden appeals his April 29, 1985, jury conviction in the District Court of the Fourth Judicial District, for driving under the influence of alcohol. We reverse the District Court judgment and dismiss the cause.

Defendant was arrested and charged with DUI on July 2, 1983, in Hamilton, Montana. Defendant waived his right to a speedy trial at the city court level on November 10, 1983. Subsequently, he was tried and convicted in City Court on January 26, 1984. Defendant filed a defective notice of appeal to the District Court on February 2, 1984; an amended notice of appeal was filed on March 15, 1984. On April 5, 1984, the City of Hamilton (City) moved to dismiss the appeal as being untimely. An order denying the motion to dismiss was entered on May 11, 1985.

Defendant filed a motion to dismiss for lack of speedy trial on August 21, 1984. This was denied on August 30, 1984, and defendant applied to the Montana Supreme Court for a writ of supervisory control on September 4, 1984. The writ was denied on October 22, 1984, and the matter returned to the District Court. Defendant filed a second motion to dismiss for lack of speedy trial on March 6, 1985, which was denied April 5, 1985.

Defendant failed to appear at the jury trial scheduled on April 8, 1985, and the matter was reset for April 29, 1985. Trial was held on April 29, 1985, and the jury found defendant guilty of DUI. On appeal, the sole issue is whether defendant was denied his constitutional right to a speedy trial.

2

In State v. Knox (1984), 675 P.2d 950, 41 St.Rep. 126, we held that a defendant who appeals a lower court decision to the district court level has a constitutional right to a speedy trial. Whether or not a defendant has been deprived of this right involves a balancing of four factors: 1) length of delay; 2) reason for the delay; 3) defendant's assertion of his right to a speedy trial; and 4) prejudice to the defendant. Applying these factors to the present case, we find the defendant was denied his constitutional right to a speedy trial at the district court level.

Defendant's amended notice of appeal was filed March 15, 1984, and his first trial date was set for April 8, 1985, over one year later. A delay of nearly 13 months is sufficient to shift the burden to the City to explain the reason for the delay and the absence of prejudice to the defendant. State v. Tiedemann (1978), 178 Mont 394, 584 P.2d 1284.

The City cites the District Court opinion denying defendant's motion to dismiss for lack of speedy trial in asserting the major reasons for delay were the motions filed by the defendant. The District Court opinion is not supported by the facts, in that it ignores the "deadtime" in this case from May 11, 1984 to August 21, 1984, and October 23, 1984, to March 6, 1985. We find an unintentional institutional delay of 236 days is unacceptable where the City has offered no reason for the delay.

The City argues there has been no showing of prejudice against the defendant caused by the delay in getting the case to trial. In Tiedemann, we said prejudice would be presumed where there is excessive delay between the date of the

3

occurrence and the time of trial. 178 Mont. at 407, 584 P.2d at 1292. In this case, the City has presented no substantial credible evidence showing that the delay has not prejudiced the defendant.

The judgment of the District Court is reversed and the cause is dismissed.

Justice

We concur:

Justices