No. 89-545

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

    Plaintiff and Respondent,

    v.

DANIEL KURTIS MARQUARDT,

    Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
                In and for the County of Chouteau,
                The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Mark Bauer, Esq., Great Falls, Montana

        For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
        George Schunk, Assistant Attorney General, Helena,
          Montana
        Thomas J. Sheehy, Chouteau County Attorney, Fort
          Benton, Montana

                        Submitted on Briefs:  April 12, 1990

                                   Decided:  May 25, 1990

Filed:

                            Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

In February 1989, Daniel Marquardt was tried in the District Court of the Twelfth Judicial District, Chouteau County, on charges of robbery and three counts of felony assault. The jury was unable to reach a verdict and a mistrial was declared. Marquardt was retried and convicted on the same charges in May of 1989. He appeals. We affirm.

The sole issue on appeal is whether Marquardt was denied his constitutional right to speedy trial because of the delay prior to his first trial.

The charges against Marquardt arose out of an October 1987 robbery at the Kurth Ranch near Fort Benton, Montana. The facts of the crime are not at issue. Marquardt was arrested in Butte, Montana, on April 21, 1988, and an information was filed against him on May 2, 1988. He was released on bail on May 6, 1988.

Marquardt's trial was originally scheduled for October 3, 1988. It was rescheduled for November 21, 1988, due to a conflict of trial dates. Marquardt moved for a change of venue and filed a motion in limine on October 28, 1988, following which the parties filed their respective briefs and a hearing was held. Then the term of District Judge Chan Ettien expired and the Honorable John Warner took his place. In January 1989, Judge Warner granted Marquardt's motion for change of venue and set a trial date of February 28, 1989. Marquardt moved to dismiss for denial of speedy

2

trial, but that motion was denied one week before the trial commenced.

The jury at Marquardt's first trial was unable to reach a verdict. A mistrial was declared. When he was retried in May 1989, Marquardt was found guilty on all charges.

Was Marquardt denied his constitutional right to speedy trial because of the delay which occurred prior to his first trial?

The right to a speedy trial is guaranteed by both the Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution. It is a right of fundamental importance. Barker v. Wingo (1972), 407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101, 108.

The State argues on appeal that any delay in Marquardt's first trial is irrelevant in an analysis of a speedy trial claim. It cites the rule set forth in the American Bar Association Project on Minimum Standards for Criminal Justice, Speedy Trial, Section 2.2, (Approved Draft 1968), which was adopted by this Court in State v. Sanders (1973), 163 Mont. 209, 214, 516 P.2d 372, 375:

> When time commences to run.
> The time for trial should commence running
> . . .
>
> . . .
>
> (c) if the defendant is to be tried again following a mistrial, an order for a new trial, or an appeal or collateral attack, from

3

the date of the mistrial, order granting a new
trial, or remand.

In Sanders, defendant claimed that he was denied his right to speedy trial. He asked the Court, in analyzing the issue, to look to the entire time between the filing of the information and his second trial (after reversal of his first conviction). This Court applied the above rule and considered only the time between the reversal and the beginning of the second trial. Sanders, 516 P.2d at 375. The same rule was applied in State v. Fife (Mont. 1981), 632 P.2d 712, 38 St.Rep. 1334. Only the time between the reversal of defendant's first conviction and the commencement of his second trial was considered in the speedy trial analysis. Fife, 632 P.2d at 714.

Here, the claim is different. Marquardt claims a denial of his right to speedy trial only as to the period preceding his first trial. Section 46-20-701, MCA, provides that this Court may review on appeal errors affecting substantial rights. There can be no doubt that the District Court's denial of Marquardt's motion to dismiss affected his substantial rights. Had the motion been granted, the remedy would have been dismissal of the case. The second trial, resulting in Marquardt's conviction, would never have occurred. However, under § 46-20-104, MCA, Marquardt's right to appeal did not arise until the court entered a judgment of conviction against him. We conclude that the rule applied in Sanders and

4

Fife does not apply in this instance. We hold that Marquardt properly preserved the issue of denial of speedy trial at his first trial and that it is an issue which may properly be considered in this appeal.

Support for our conclusion is found in Arnold v. McCarthy (9th Cir. 1978), 566 F.2d 1377. There, after noting that the defendant had timely raised his speedy trial claim before each trial, the court analyzed whether defendant was deprived of his right to a speedy trial in both his first trial, which resulted in a mistrial, and his second trial, which resulted in a conviction. Like the defendant in that case, Marquardt asserted his right to speedy trial in a timely manner prior to the mistrial.

The four elements considered in judging a claim of denial of the right to speedy trial are 1) the length of the delay, 2) the reasons for the delay, 3) the defendant's timely assertion of the right to speedy trial, and 4) the prejudice to defendant as a result of the delay. State v. Curtis (Mont. 1990), 787 P.2d 306, 313, 47 St.Rep. 277, 283. The length of the delay serves as a trigger for further analysis. Curtis, 787 P.2d at 313. The delay between Marquardt's arrest and his first trial was 313 days. That length of time is sufficient to trigger further examination of his claim.

We next examine the reasons for the delay. Marquardt's trial was originally set for October 3, 1988. That date was barely

within 180 days of his arrest. All of the time prior to October 3, 1988, must be charged to the State, but no intentional delay has been shown.

The court, on its own motion because of a conflict of trial dates, reset trial to November 21. Marquardt's change of venue motion and motion in limine were filed before the November 21 trial date (on October 27). Briefing, argument, and the decision on the motion for change of venue were not completed until January 17, 1989. Not all of that time, though, may be attributed to Marquardt. Some delay in the intervening months was caused by the retirement of Judge Chan Ettien. The time from January 17, 1989, to February 28, 1989, is chargeable to the State as institutional delay.

The State is responsible for a sizable portion of the delay before Marquardt's first trial. However, the delay was largely institutional and not under the control of the prosecution. Because there is no indication that the delay was purposeful on the part of the State, it weighs less heavily than if it had been caused by the State's oppressive tactics. State v. Ackley (1982), 201 Mont. 252, 256, 653 P.2d 851, 853.

Marquardt asserted his right to a speedy trial in a timely manner by motion to dismiss on January 30, 1989. Therefore, the third element of a speedy trial analysis is met.

6

The interests protected by the right to speedy trial are prevention of oppressive pre-trial incarceration, minimizing the defendant's anxiety and concern, and limiting impairment of the defense. Curtis, 787 P.2d at 315. Marquardt was incarcerated only sixteen days prior to trial. He asserts that his freedom of movement was hampered under the terms of his bail because he was required to call the Silver Bow County Sheriff's Office each day. However, we note that while he was out on bail prior to trial, he twice requested and was given permission to leave the State of Montana.

A certain amount of anxiety and concern is inherent in being accused of a criminal offense. State v. Waters (1987), 228 Mont. 490, 494, 743 P.2d 617, 620. Marquardt has not alleged any unusual anxiety or concern arising out of being accused of these charges.

Marquardt claims that his defense was impaired because of the delay in bringing him to trial. He states that a potential witness died between the time of the crime and the time of the trial. According to Marquardt, the owner of the car he was driving when he was arrested would have testified in his behalf, had that owner still been living at the time of trial. Marquardt does not explain what the owner would have testified to, so it is impossible to judge the prejudicial effect of the witness's unavailability.

Marquardt also claims that loss of memory on the part of three victims of the robbery and on the part of a co-conspirator who

7

testified against him impaired his defense. We find nothing in the record to substantiate this claim.

In sum, the delay before trial of this case was long, but it has not been shown to be purposeful on the part of the State. Marquardt asserted his right to speedy trial in a timely manner, but he has not shown any significant prejudice to his case resulting from the delay. On balance, we hold that Marquardt was not deprived of his constitutional right to a speedy trial.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____

_____
Justices