No. 92-509

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

      Plaintiff and Appellant,

v.

JACK STRONG,

      Defendant and Respondent.

FILED

APR 15 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Honorable Joseph P. Mazurek, Attorney General;
Cregg W. Coughlin, Assistant Attorney General,
Helena, Montana

            Tom Meissner County Attorney; Craig R. Buehler,
Special Deputy County Attorney, Lewistown,
Montana

      For Respondent:

            John L. Pratt, Esq., Roundup, Montana

Submitted on Briefs:   March 4, 1993

Decided:   April 15, 1993

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The State of Montana (State) appeals an order entered by the District Court for the Tenth Judicial District, Fergus County, dismissing four misdemeanor charges filed against Jack Strong (Strong) for lack of speedy trial. We reverse and remand.

We consider the following issue:

Did the District Court err in dismissing the misdemeanor charges against Strong because it concluded that § 46-13-401, MCA, had been violated?

Strong was charged by complaint on November 11, 1990, and again on December 13, 1990, with two counts of misdemeanor assault, misdemeanor disorderly conduct, and violating the privacy in communications statute, a misdemeanor. After pleading not guilty, Strong's first trial resulted in a mistrial on March 26, 1991. After the mistrial, the State filed a consolidated complaint on April 9, 1991, charging Strong with the same offenses.

Strong pled not guilty to the charges on May 1, 1991, and trial was scheduled for June 20, 1991. Prior to commencement of the second trial, Strong moved to continue the trial in order to file a motion to dismiss for lack of speedy trial. On November 22, 1991, the Justice Court dismissed the charges against Strong.

On December 2, 1991, the State appealed the order of dismissal to the District Court. After trial had been scheduled, and continued at the request of Strong, and in one instance, upon the District Court's own motion, Strong moved to dismiss the charges

2

for lack of a speedy trial. On September 21, 1992, the District Court dismissed the charges.

The District Court found the time elapsing between November 13, 1990 (the date Strong entered his plea to the initial complaint), and June 20, 1991 (the date trial was scheduled following the mistrial), was 197 days. The District Court concluded a delay of this length was violative of Strong's right to a speedy trial as set forth in § 46-13-401(2), MCA. From that order of dismissal, the State appeals.

Did the District Court err in dismissing the misdemeanor charges against Strong because it concluded that § 46-13-401, MCA, had been violated?

When reviewing a District Court's conclusions of law, our standard of review is whether the District Court's interpretation of the law is correct. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603. In this case, the District Court dismissed this action on the sole basis that Strong was not brought to trial within six months of the date of the entry of his first plea. We hold this interpretation of the law is incorrect.

Section 46-13-401(2), MCA, provides:

After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed with prejudice, if a defendant whose trial has not been postponed upon the

3

> defendant's motion is not brought to trial within 6
> months.

Apparently, the District Court interpreted the statute on its face without considering the fact that a mistrial had been declared in the first trial. In its appeal to this Court, the State argues that once a mistrial is declared, the speedy trial clock is reset and begins to run anew from the date of mistrial. The State is correct.

In State v. Sanders (1973), 163 Mont. 209, 516 P.2d 372, we adopted, in part, the position of the American Bar Association in its Project on Minimum Standards for Criminal Justice. For purposes of a speedy trial analysis, Section 2.2 of that report addresses when time begins to run following a mistrial.

> The time for trial should commence running . . .
>
> (c) if the defendant is to be tried again following a
> mistrial, . . . , from the date of the mistrial, . . . .

Sanders, 516 P.2d at 375. Therefore, when a mistrial is declared, the speedy trial clock is reset and begins to run from the date the mistrial was declared.

In this case, a mistrial was declared on March 26, 1991. None of the time elapsing prior to this date should have been considered by the District Court. After the State refiled the charges and Strong entered a plea to those charges, a second trial was scheduled for June 20, 1991. The time elapsing between March 26, 1991 and June 20, 1991, was a little less than three months. This

4

time frame is clearly within the six month requirement of § 46-13-401(2), MCA.

We hold the District Court erred by including the period of time prior to the mistrial in its calculation of total elapsed time. The order of dismissal is reversed.


_____
Chief Justice

We concur:

_____

_____

_____

_____

_____
Justices

5

April 15, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Craig R. Buehler
Special Deputy County Attorney
505 West Main Street, Suite 210
Lewistown, MT  59457

Hon. Joseph P. Mazurek, Attorney General
Cregg W. Coughlin, Assistant
Justice Bldg.
Helena, MT   59620

Tom Meissner
Fergus County Attorney
701 E. Main St., Ste. A
Lewistown, MT  59457

John L. Pratt
attorney at Law
P. O. Box 685
Roundup, MT  59072

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
        Deputy