NO. 93-245

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

      Plaintiff and Appellant,

-vs-

KEVIN E. JENKINS,

      Defendant and Respondent.

FILED

NOV 18 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Susan L. Wordal, City Prosecutor, City of Bozeman,
Bozeman, Montana

     For Respondent:

          Pamela S. Snyder; Bryan & Atkins, Bozeman, Montana

Submitted on Briefs:  August 12, 1993

Decided:  November 18, 1993

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Eighteenth Judicial District, Gallatin County, the Honorable Larry W. Moran presiding. Appellant State of Montana (State) appeals from the dismissal of defendant's driving under the influence of alcohol charge for lack of a speedy trial. We reverse and remand.

The issue is whether the District Court erred in ruling that the criteria for evaluating speedy trial issues enunciated in Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, did not apply in this case.

On September 2, 1991, the City of Bozeman charged Kevin E. Jenkins (Jenkins) with driving under the influence of alcohol, a misdemeanor. The facts of the crime are not at issue. Jenkins requested a jury trial in Bozeman City Court, which was held on January 31, 1992. Following a guilty verdict, Jenkins appealed on that day to the Gallatin County District Court.

Jenkins filed a motion to dismiss for failure to state an offense on July 1, 1992. The State responded to Jenkins' motion on July 9, 1992. A hearing on Jenkins' motion to dismiss was set for August 24, 1992; however, the District Court granted the State a continuance, as the arresting officer was to be in Helena, Montana, on duty-related matters at that time. Over no objection by Jenkins, the hearing was rescheduled for September 8, 1992. At that hearing, the District Court denied Jenkins' motion to dismiss.

Due to the crowded court docket (especially a time-consuming

2

murder trial), the judicial election, court vacation and a week of court administrative duties, the court's calendar was booked until January 25, 1993, when a scheduling conference was held to select Jenkins' trial date. At that conference, the court set trial for April 9, 1993, the earliest available date. On April 8, 1993, Jenkins filed a motion to dismiss for lack of a speedy trial. On April 9, 1993, after hearing arguments from Jenkins and the State, the court granted Jenkins' motion.

The right to a speedy trial is guaranteed by both the Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution. This right is of fundamental importance and we analyze it under the four-factor test set out in Barker. State v. Heffernan (1991), 248 Mont. 67, 69, 809 P.2d 566, 567; State v. Robbins (1985), 218 Mont. 107, 115, 708 P.2d 227, 233; State v. Ackley (1982), 201Mont. 252, 255, 653 P.2d 851, 853; State ex rel. Briceno v. District Court (1977), 173 Mont. 516, 518, 568 P.2d 162, 163-64.

The factors of the test are: 1) length of delay; 2) reason for delay: 3) defendant's assertion of his right to a speedy trial: and 4) prejudice to the defendant. Barker, 407 U.S. at 514; Heffernan, 809 P.2d at 567. While no one factor is dispositive on the issue of speedy trial, they "must be considered together with such other circumstances as may be relevant. The Court must still engage in a difficult and sensitive balancing process." State v. Larson (1981), 191 Mont. 257, 261, 623 P.2d 954, 957 (citation omitted). In the instant case, the District Court determined that

the four-factor Barker test did not apply.  Moreover, the court did not apply the balancing process referred to in Larson.

The first factor of the test is length of delay.  The court need not go beyond this factor unless the delay is presumptively prejudicial.  Barker, 407 U.S. at 530.  The length of delay, from Jenkins' notice of appeal to the hearing on his motion to dismiss for lack of a speedy trial, was 433 days.  Section 46-13-401(2), MCA, addresses a defendant's right to a speedy trial in misdemeanor cases:

> (2) After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months.

The State met this statutory requirement by bringing Jenkins to trial in Bozeman City Court within six months.  The parties agree that the ensuing 433-day delay, especially in light of a misdemeanor charge, is presumptively prejudicial. The court, then, must balance the remaining factors articulated in Barker.  State v. Sunford (1990), 244 Mont. 411, 416, 796 P.2d 1084, 1087.

The second factor of the test is reason for delay. In analyzing this factor, the court balances the State's actions against those of the defendant.  It must compare the State's exercise of reasonable diligence in bringing a defendant to trial with the percentage of delay attributable to the defendant.  State v. Freeman (1979), 183 Mont. 334, 338-39, 599 P.2d 368, 371.

In this case, the District Court found:

[T]he State did nothing intentionally to delay the

4

prosecution of the case. They acted properly. They acted consistently. The delays in the case are caused simply because the case can never be brought to trial because of the condition of the court dockets. . . . We simply could not grind the thing out. And that's not the Defendant's fault. It's not the State's fault. It simply is recognition of a circumstances that exists.

The District Court, citing a crowded court docket, accepted full responsibility for the delay. However, the District Court erred in finding that neither Jenkins nor the State bore any responsibility for the delay. The District Court must now determine the number of days attributable to each party, bearing in mind that unintentional delay is not held against the State to the same extent as intentional delay designed to gain a tactical advantage over the defendant. Heffernan, 809 P.2d at 569; State v. Marquardt (1990), 243 Mont. 133, 134-35, 793 P.2d 799, 801 (citing Ackley, 653 P.2d at 853). The court must then weigh this computation against the other factors set out in Barker.

The third factor of the test is assertion of the right to speedy trial. "The proper time to assert the right to a speedy trial is prior to the actual commencement of the trial, usually at the time the trial date is set, or the time the case is called to trial." State v. Steward (1975), 168 Mont. 385, 390-91, 543 P.2d 178, 182. In this case, the District Court determined that Jenkins satisfied the third factor by bringing his motion on April 8, 1993, one day before his trial was to begin.

The fourth factor of the Barker test is prejudice to the defendant. Defendants have three interests which are to be protected by a speedy trial: 1) to prevent oppressive pretrial

5

incarceration: 2) to minimize anxiety and concern of the accused: and 3) to limit possible impairment of the defense. **Heffernan,** 809 **P.2d** at 570 (citing Barker, 407 U.S. at 532). Although the first interest is not at issue in this case, the court must analyze the second two interests. We determine that while the District Court touched on these interests at Jenkins' hearing, it failed to make specific findings regarding anxiety and concern to Jenkins and possible impairment of Jenkins' defense resulting from the delay.

To support its contention that the District Court failed to apply the Barker test, the State cites the following District Court statement: "I don't feel, quite frankly, that the criteria in [Barker] really have application." Conversely, Jenkins argues that the District Court did, in fact, apply Barker. For example, the District Court stated: "I don't think that this defendant is going to forget all of the events of that night. I don't feel that his defense is truly going to be hampered. I don't feel that there has been any--any problem under [Barker]." We agree with the **State's** argument that the District Court failed to apply Barker.

Jenkins, the State and the court are understandably frustrated by delays which have kept a misdemeanor charge from being resolved for well over a year. While we understand the serious difficulties Montana courts face with respect to overcrowded dockets, we note that in speedy trial cases "[t]he essential ingredient is orderly expedition and not mere speed." United States v. Marion **(1991),** 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 **L.Ed.2d** 468, 474 (citing Smith **v.** United States **(1959),** 360 U.S. 1, 79 **S.Ct.** 991, 3 **L.Ed.2d**

6

1041).

In the absence of any <u>Barker</u> analysis, the District Court erred by ruling as a matter of law that too much time had passed between the filing in District Court and the trial. We conclude that the District court must consider all of the factors under the <u>Barker</u> analysis and make the required findings and conclusions.

We reverse the order granting a new trial and remand for further proceedings consistent with this opinion.

_____
                                          Justice

We Concur:

_____

_____

_____

_____
                Justices