FILED

07/12/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0506

DA 15-0506

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 170N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

TONY JORGENSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 11-393D
Honorable David M. Ortley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Thane Johnson, Johnson, Berg, & Saxby, PLLP, Kalispell, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein, Assistant Attorney General, Helena, Montana

          Ed Corrigan, Flathead County Attorney, Caitlin Overland, Deputy County Attorney, Kalispell, Montana

Submitted on Briefs:  May 18, 2016

Decided:  July 12, 2016

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Tony Edward Jorgenson appeals from the District Court's Opinion and Order affirming the Justice Court's denial of his motion to dismiss for lack of speedy trial. We affirm.

¶3 On February 5, 2011, the State charged Jorgenson with driving under the influence of alcohol. He appeared, pled not guilty, and the Justice Court set a trial date of July 14, 2011. At the time set for jury selection an insufficient number of potential jurors appeared, and the Justice of the Peace declared a mistrial. The new trial was set for July 28, 2011. The State then requested a continuance because of an unavailable witness and because of concerns that the same jury pool would be used as in the first attempt at trial. The Justice of the Peace set a new trial date for October 20, 2011.

¶4 In August 2011 the State filed amended charges. Jorgenson appeared, entered a plea of not guilty and filed a motion to dismiss for violation of his right to a speedy trial under § 46-13-401(2), MCA. That section provides:

> After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months.

2

The Justice of the Peace denied the motion to dismiss, relying upon *State v. Strong,* 258 Mont. 48, 49, 851 P.2d 415, 416 (1993), concluding that the trial had been set to begin within six months of the date of the mistrial. In addition, the Justice of the Peace found that the State did not engage in dilatory conduct bringing the case to trial.

¶5     In November 2011 Jorgenson entered a guilty plea to one of the amended charges, reserving his right to appeal the speedy trial issue. He filed a timely appeal to the District Court. The parties completed briefing by September 14, 2012, but it was not until July 2015 that the District Court acted upon Jorgenson's appeal. At that time the District Court affirmed the Justice Court's denial of Jorgenson's motion to dismiss, and he appeals.

¶6     In *Strong*, this Court clearly approved the position of the American Bar Association's Project on Minimum Standards for Criminal Justice that the speedy trial calculation begins to run anew as of the date of a mistrial. *State v. Sanders*, 163 Mont. 209, 214, 516 P.2d 372, 375 (1973). Here, the pending trial date at the time of Jorgenson's motion to dismiss was within six months of the date of the mistrial. Therefore, there was no violation of § 46-13-401, MCA, or of Jorgenson's right to a speedy trial. Contrary to Jorgenson's argument on appeal, *Strong* does not make the resetting of the speedy trial clock upon a mistrial contingent upon charges being refiled within the original six month window. We agree with the District Court that the State demonstrated good cause for any delay.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents a question controlled by settled law.

¶8 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER

Justice Laurie McKinnon, concurring.

¶9 I agree with the Court's decision and rationale to affirm the denial of Jorgenson's motion to dismiss for a violation of § 46-13-401, MCA. I write separately only to emphasize that it was not necessary for the Justice of the Peace, in the first instance, to declare a mistrial. A court's sua sponte declaration of a mistrial is warranted only after a jury is "impaneled and sworn" in a jury trial, or in a bench trial, "after the first witness is sworn but before a judgment as to guilt or innocence is reached." Section 46-11-503, MCA. As neither occurred here, it was not necessary to declare a mistrial and the matter could simply have been continued. A finding of good cause could have been made based upon the failure of a sufficient number of jurors to appear when summonsed and the necessity for obtaining a different jury pool.

/S/ LAURIE McKINNON

4